# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | | **CRIMINAL NO.   19-  _____** |
| **v.** | : | |
| | | **DATE FILED:         _____** |
| **IVAN RANGEL PRIETO** | : | |
| a/k/a "El Gordo," | | **VIOLATIONS:** |
| **JOSE CASTILLO** | : | **18 U.S.C. § 1201(c) (conspiracy to commit** |
| a/k/a "El Bigoton," | | **kidnapping – 1 count)** |
| **JOSE BERNAL** | : | **18 U.S.C. § 1201(a)(1) (kidnapping** |
| **JOSE DELGADO** | | **involving interstate commerce – 1 count)** |
| a/k/a "Caru," | : | **18 U.S.C. § 924(c)(1)(A)(iii) (possession** |
| a/k/a "Kangaroo," | | **and use of a firearm in furtherance of a** |
| **SALVADOR SANCHEZ GUERRERO** : | | **violent crime – 1 count)** |
| **ROBERT FAVORS** | | **18 U.S.C. § 2 (aiding and abetting)** |
| **JOHN PERKINS** | : | **Notice of forfeiture** |
| **FERMIN PEREZ MEJIA** | | |
| a/k/a "Pena" | | **FILED UNDER SEAL** |

## INDICTMENT

## COUNT ONE

### (Conspiracy to Commit Kidnapping)

**THE GRAND JURY CHARGES THAT**:

## THE CONSPIRACY

1.      Beginning at least as early as June 8, 2018, and continuing through at least July

19, 2018, in the Eastern District of Pennsylvania and elsewhere, the defendants,

**IVAN RANGEL PRIETO,**
a/k/a "El Gordo,"
**JOSE CASTILLO,**
a/k/a "El Bigoton,"
**JOSE BERNAL,**
**JOSE DELGADO,**
a/k/a "Caru,"
a/k/a "Kangaroo,"
**SALVADOR SANCHEZ GUERRERO,**
**ROBERT FAVORS,**

**JOHN PERKINS, and**
**FERMIN PEREZ MEJIA,**
**a/k/a "Pena"**

together with a person identified herein as DEFENDANT 1, charged elsewhere, conspired and

agreed together and with others, known and unknown to the grand jury, to knowingly and

unlawfully seize, confine, inveigle, kidnap, abduct, and carry away and hold for ransom and

reward and otherwise, an individual identified herein as "L.A.C.R.", and in committing and in

furtherance of the commission of the offense, traveled in interstate commerce, used means,

facilities, and instrumentalities of interstate and foreign commerce, and willfully transported

L.A.C.R. in interstate commerce, in violation of Title 18, United States Code, Section

1201(a)(1).

### **MANNER AND MEANS**

It was a part of the conspiracy that:

2.     Defendants IVAN RANGEL PRIETO, a/k/a "El Gordo," JOSE CASTILLO, a/k/a

"El Bigoton," JOSE BERNAL, JOSE DELGADO, a/k/a "Caru," a/k/a "Kangaroo,"

SALVADOR SANCHEZ GUERRERO, ROBERT FAVORS, JOHN PERKINS, and FERMIN

PEREZ MEJIA, a/k/a "Pena," along with DEFENDANT 1, charged elsewhere, and other

individuals known and unknown to the grand jury, used cellular telephones to communicate with

each other, and others, including the wife of L.A.C.R., identified herein as "PERSON 1" and

known to the grand jury, including but not limited to phone calls, text messages, and use of the

phone application "WhatsApp."

3.     Members of the conspiracy, including but not limited to defendants IVAN

RANGEL PRIETO, JOSE CASTILLO, JOSE BERNAL, JOSE DELGADO, SALVADOR

SANCHEZ GUERRERO, ROBERT FAVORS, and JOHN PERKINS utilized a Lincoln

2

Navigator vehicle to seize, confine, inveigle, kidnap, abduct, and carry away L.A.C.R. from a residence in Philadelphia, Pennsylvania, to a residence arranged by DEFENDANT 1, which was located in Chester County, Pennsylvania, within the Eastern District of Pennsylvania, for use in the abduction and kidnapping of L.A.C.R.

4.      The Lincoln Navigator described above was then used by at least one member of the conspiracy to transport L.A.C.R. from Chester County, Pennsylvania to Cecil County, within the District of Maryland.

5.      At least one of defendants IVAN RANGEL PRIETO, JOSE CASTILLO, JOSE BERNAL, JOSE DELGADO, and/or SALVADOR SANCHEZ GUERRERO was armed with a firearm, which was used to shoot L.A.C.R. at least one time in his head, causing his death, either in the Eastern District of Pennsylvania or in the District of Maryland.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish its objects, defendants IVAN RANGEL PRIETO, JOSE CASTILLO, JOSE BERNAL, JOSE DELGADO, SALVADOR SANCHEZ GUERRERO, ROBERT FAVORS, JOHN PERKINS, and FERMIN PEREZ MEJIA, along with DEFENDANT 1, charged elsewhere, and others known and unknown to the grand jury, committed the following overt acts, among others, in the Eastern District of Pennsylvania, the District of Maryland, and elsewhere:

1.      Prior to June 19, 2018, members of the conspiracy, including but not limited to defendants IVAN RANGEL PRIETO, JOSE CASTILLO, JOSE BERNAL, and FERMIN PEREZ MEJIA, attempted to locate L.A.C.R. to abduct him and hold him for ransom to collect a perceived debt owed by L.A.C.R.

2.      On or about June 4, 2018, defendant JOSE BERNAL purchased the Lincoln

3

Navigator used to kidnap and transport victim L.A.C.R. on or about June 19, 2018.

3.     On or about June 8, 2018, defendants IVAN RANGEL PRIETO, JOSE CASTILLO, JOSE BERNAL, SALVADOR SANCHEZ GUERRERO, ROBERT FAVORS, and JOHN PERKINS, together with other individuals known and unknown to the grand jury, met at a restaurant in Philadelphia.  Between on and about June 8, 2018 and June 19, 2018, defendants RANGEL PRIETO, CASTILLO, BERNAL, and SANCHEZ GUERRERO recruited defendant FAVORS, and associates of FAVORS, including but not limited to defendant PERKINS, to assist them in the kidnapping of L.A.C.R.

4.     On or about June 9, 2018, defendants IVAN RANGEL PRIETO and JOSE CASTILLO approached a friend of L.A.C.R., identified herein as "PERSON 2" and known to the grand jury, at a gentlemen's club located in Colmar, in the Eastern District of Pennsylvania. Defendants RANGEL PRIETO and CASTILLO approached PERSON 2 under the guise of a drug trafficking proposal, including requesting a location in Philadelphia to use in connection with drug trafficking activity.

5.     On or about June 11, 2018, defendants IVAN RANGEL PRIETO and JOSE CASTILLO to further the ruse of discussing drug trafficking activity, met with PERSON 2 and victim L.A.C.R. at a fast food restaurant in Doylestown, in the Eastern District of Pennsylvania. As part of the ruse, RANGEL PRIETO and CASTILLO discussed with L.A.C.R. his ability to provide a property for use in furtherance of such alleged drug trafficking activity.

6.     Between on or about June 14, 2018 and June 18, 2018, DEFENDANT 1 arranged a location in Chester County, specifically, a residential garage ("the Chester County garage"), for other members of the conspiracy to use to confront L.A.C.R. after he was abducted, in order to collect on the perceived debt owed by L.A.C.R.

7.      Between on or about June 14, 2018 and June 18, 2018, DEFENDANT 1 traveled with defendants IVAN RANGEL PRIETO and JOSE BERNAL to the Chester County garage, so that defendants RANGEL PRIETO and BERNAL could view it and its location prior to the abduction of L.A.C.R.

8.      On or about June 19, 2018, defendants IVAN RANGEL PRIETO and JOSE CASTILLO, continuing the drug trafficking ruse, arranged to meet victim L.A.C.R. to view properties owned by or available to L.A.C.R. for use in drug trafficking activity.  Defendant RANGEL PRIETO communicated with  L.A.C.R. via cellular telephone in furtherance of this activity.

9.      On or about June 19, 2018, defendants IVAN RANGEL PRIETO, JOSE CASTILLO, JOSE BERNAL, JOSE DELGADO, SALVADOR SANCHEZ GUERRERO, ROBERT FAVORS, and JOHN PERKINS, along with other persons, known and unknown to the grand jury, did knowingly and unlawfully seize, confine, inveigle, kidnap, abduct, and carry away and hold for ransom and reward and otherwise, L.A.C.R. in a residence located on North Orkney Street, Philadelphia, Pennsylvania.  In so doing, L.A.C.R. was physically assaulted and forced against his will into a Lincoln Navigator, which then was driven by a member of the conspiracy to the Chester County garage.

10.     In the course of knowingly and unlawfully seizing, confining, inveigling, kidnapping, abducting, and carrying away, and holding for ransom and reward and otherwise, defendants IVAN RANGEL PRIETO, JOSE CASTILLO, JOSE BERNAL, JOSE DELGADO, SALVADOR SANCHEZ GUERRERO, ROBERT FAVORS, JOHN PERKINS, and other individuals known and unknown to the grand jury, physically restrained L.A.C.R. through the use of duct tape, hand cuffs, and zip ties.

11.     Once defendants IVAN RANGEL PRIETO, JOSE CASTILLO, JOSE BERNAL, JOSE DELGADO, SALVADOR SANCHEZ GUERRERO, ROBERT FAVORS, JOHN PERKINS, and others known and unknown to the grand jury, abducted and kidnapped L.A.C.R., multiple phone calls were placed using cellular telephones to a cellular telephone in the custody and control of L.A.C.R.'s wife, PERSON 1.  During these calls, demands for ransom in the amount of hundreds of thousands of dollars were made to PERSON 1 in exchange for the return of L.A.C.R.  These phone calls began on or about June 19, 2018, and continued until on or about June 30, 2018.

12.     Additionally, on or about June 20, 2018, a ransom call was made to PERSON 2. This phone call was placed to PERSON 2's cellular telephone.

13.     On or about June 19, 2018, after assisting in the kidnapping of L.A.C.R. in Philadelphia, defendant IVAN RANGEL PRIETO obtained a vehicle from defendant FERMIN PEREZ MEJIA.  Defendant RANGEL PRIETO then traveled to Chester County, Pennsylvania.

14.     On or about June 19, 2018, at least one member of the conspiracy utilized the Lincoln Navigator to transport L.A.C.R. from the Chester County garage to Cecil County, in the District of Maryland.

15.     At some point after L.A.C.R. was kidnapped, L.A.C.R. was shot in the head with a 9mm SCCY Industries, model CPX-2 firearm, serial number 212284.  As a result, L.A.C.R. died.

16.     Defendants IVAN RANGEL PRIETO, JOSE CASTILLO, JOSE BERNAL, JOSE DELGADO, and SALVADOR SANCHEZ GUERRERO traveled to Cecil County, in the District of Maryland, where the body of L.A.C.R. was left on or about June 19 or June 20, 2018. Defendants RANGEL PRIETO, CASTILLO, BERNAL, DELGADO, and SANCHEZ

GUERRERO then returned to the Eastern District of Pennsylvania.

      17.     Between on or about June 19, 2018 and on or about June 20, 2018, defendant JOSE CASTILLO buried the 9mm SCCY Industries, model CPX-2 firearm, serial number 212284, which was used to kill L.A.C.R., on the grounds of the business operated by DEFENDANT 1, located in Avondale, in the Eastern District of Pennsylvania.

      18.     Between on or about June 20, 2018 and on or about June 29, 2018, the Lincoln Navigator used to transport L.A.C.R. remained on the business premises of DEFENDANT 1, and DEFENDANT 1 granted access to defendant JOSE BERNAL so that defendant BERNAL could paint the Lincoln Navigator, utilizing black paint, in an attempt to avoid recognition of the vehicle by law enforcement.

      19.     On or about June 29, 2018, following the instruction of defendant JOSE BERNAL, DEFENDANT 1 arranged for the destruction of the Lincoln Navigator by ordering an employee of his business, who is known to the grand jury, to tow the Lincoln Navigator to a business located in the District of Delaware to be destroyed.

      20.     On or about July 18, 2018, DEFENDANT 1 purchased a cellular telephone and used it to contact his co-conspirators to warn them that law enforcement was investigating their involvement in the kidnapping of L.A.C.R.

      21.     Between on or about July 18, 2018 and on or about July 19, 2018, DEFENDANT 1 called, or attempted to call, defendant JOSE CASTILLO, through use of this newly purchased phone, to warn him that law enforcement was looking for him and to advise defendant CASTILLO to leave the country.

      22.     On or about July 19, 2018, DEFENDANT 1 called, or attempted to call, defendant JOSE BERNAL through use of this newly purchased phone to advise him that law

enforcement had visited DEFENDANT 1, had asked questions about the kidnapping of

L.A.C.R., and had shown him pictures of co-conspirators defendants IVAN RANGEL PRIETO

and JOSE CASTILLO.

All in violation of Title 18, United States Code, Section 1201(c).

## COUNT TWO

### (Kidnapping)

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      Paragraphs 2 through 5, and Overt Acts 1 through 16 are re-alleged herein.

2.      On or about June 19 and 20, 2018, in the Eastern District of Pennsylvania and the

District of Maryland, defendants

**IVAN RANGEL PRIETO,**
**a/k/a "El Gordo,"**
**JOSE CASTILLO,**
**a/k/a "El Bigoton,"**
**JOSE BERNAL,**
**JOSE DELGADO,**
**a/k/a "Caru," a/k/a "Kangaroo,"**
**SALVADOR SANCHEZ GUERRERO,**
**ROBERT FAVORS, and**
**JOHN PERKINS**

did knowingly, willfully, and unlawfully seize, confine, inveigle, decoy, kidnap, abduct, and

carry away, and hold for ransom and reward, and otherwise L.A.C.R., and, in committing and in

furtherance of the commission of the offense, used means, facilities and instrumentalities of

interstate and foreign commerce, to wit, cellular telephones and an automobile, and traveled in

interstate commerce, and did willfully transport L.A.C.R. in interstate commerce from the

Eastern District of Pennsylvania to the District of Maryland, and aided and abetted same,

resulting in the death of L.A.C.R.

In violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

## COUNT THREE

**(Possession and Use of a Firearm in Furtherance of a Violent Crime)**

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      Paragraphs 3 through 5, and Overt Acts 9 through 15 are re-alleged herein.

2.      On or about June 19 and 20, 2018, in the Eastern District of Pennsylvania and the

District of Maryland, defendants

**IVAN RANGEL PRIETO,**
**a/k/a "El Gordo,"**
**JOSE CASTILLO,**
**a/k/a "El Bigoton,"**
**JOSE BERNAL,**
**JOSE DELGADO,**
**a/k/a "Caru," a/k/a "Kangaroo," and**
**SALVADOR SANCHEZ GUERRERO**

knowingly used, carried, brandished and discharged, and aided and abetted the use, carrying,

brandishing and discharge of, a firearm, that is, a 9mm SCCY Industries, model CPX-2 firearm,

bearing serial number 212284, during and in relation to a crime of violence for which they may

be prosecuted in a court of the United States, that is, kidnapping, in violation of Title 18, United

States Code, Sections 1201(a)(1) and 2, causing the death of L.A.C.R.

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

10

## ALLEGATIONS OF SPECIAL FINDINGS FOR DEATH ELIGIBLE OFFENSES

In conspiring to violate 18 U.S.C. § 1201(a)(1), defendants IVAN RANGEL PRIETO, a/k/a "El Gordo," JOSE CASTILLO, a/k/a "El Bigoton," JOSE BERNAL, JOSE DELGADO, a/k/a "Caru," a/k/a "Kangaroo," and SALVADOR SANCHEZ GUERRERO intentionally killed L.A.C.R., as that term is set forth in 18 U.S.C. § 3591(a)(2)(A).  In conspiring to violate 18 U.S.C. § 1201(a)(1), defendants ROBERT FAVORS and JOHN PERKINS intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, namely, L.A.C.R., such that participation in the act constituted a reckless disregard for human life and the victim L.A.C.R. died as a direct result of the act, as those terms are set forth in 18 U.S.C. § 3591(a)(2)(D).

Additional statutory aggravating factors pursuant to 18 U.S.C. § 3592(c) as to defendant IVAN RANGEL PRIETO include: (c)(1) - that the death occurred during the commission of a kidnapping, in violation of 18 U.S.C. § 1201(a); (c)(6) - that defendant RANGEL PREITO committed the offense in a heinous, cruel, and depraved manner, namely, torture and serious physical abuse to the victim prior to his death; and (c)(8) – that defendant RANGEL PREITO committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value.

Additional statutory aggravating factors pursuant to 18 U.S.C. § 3592(c) as to defendant JOSE CASTILLO include: (c)(1) - that the death occurred during the commission of a kidnapping, in violation of 18 U.S.C. § 1201(a); (c)(6) - that defendant CASTILLO committed the offense in a heinous, cruel, and depraved manner, namely, torture and serious physical abuse to the victim prior to his death; and (c)(8) – that defendant CASTILLO committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value.

Additional statutory aggravating factors pursuant to 18 U.S.C. § 3592(c) as to defendant JOSE BERNAL include: (c)(1) - that the death occurred during the commission of a kidnapping, in violation of 18 U.S.C. § 1201(a); (c)(6) - that defendant BERNAL committed the offense in a heinous, cruel, and depraved manner, namely, torture and serious physical abuse to the victim prior to his death; and (c)(8) – that defendant BERNAL committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value.

Additional statutory aggravating factors pursuant to 18 U.S.C. § 3592(c) as to defendant JOSE DELGADO include: (c)(1) - that the death occurred during the commission of a kidnapping, in violation of 18 U.S.C. Section 1201(a); (c)(6) - that defendant DELGADO committed the offense in a heinous, cruel, and depraved manner, namely, torture and serious physical abuse to the victim prior to his death; and (c)(8) – that defendant DELGADO committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value.

Additional statutory aggravating factors pursuant to 18 U.S.C. § 3592(c) as to defendant SALVADOR SANCHEZ GUERRERO include: (c)(1) - that the death occurred during the commission of a kidnapping, in violation of 18 U.S.C. § 1201(a); (c)(6) - that defendant SANCHEZ GUERRERO committed the offense in a heinous, cruel, and depraved manner, namely, torture and serious physical abuse to the victim prior to his death; and (c)(8) – that defendant SANCHEZ GUERRERO committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value.

Additional statutory aggravating factors pursuant to 18 U.S.C. § 3592(c) as to defendant ROBERT FAVORS include: (c)(1) - that the death occurred during the commission of a kidnapping, in violation of 18 U.S.C. § 1201(a); (c)(6) - that defendant FAVORS committed the

offense in a heinous, cruel, and depraved manner, namely, torture and serious physical abuse to the victim prior to his death; and (c)(8) – that defendant FAVORS committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value.

Additional statutory aggravating factors pursuant to 18 U.S.C. § 3592(c) as to defendant JOHN PERKINS include: (c)(1) - that the death occurred during the commission of a kidnapping, in violation of 18 U.S.C. § 1201(a); (c)(6) - that defendant PERKINS committed the offense in a heinous, cruel, and depraved manner, namely, torture and serious physical abuse to the victim prior to his death; and (c)(8) – that defendant PERKINS committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value.

13

## <u>NOTICE OF FORFEITURE</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

As a result of the violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii), 1201(a)(1), and 1201(c), as set forth in this indictment, defendants

**IVAN RANGEL PRIETO,**
**a/k/a "El Gordo,"**
**JOSE CASTILLO,**
**a/k/a "El Bigoton,"**
**JOSE BERNAL,**
**JOSE DELGADO,**
**a/k/a "Caru,"**
**a/k/a "Kangaroo," and**
**SALVADOR SANCHEZ GUERRERO**

shall forfeit to the United States of America all firearms and ammunition involved in the commission of these offenses, including, but not limited to: a 9mm SCCY Industries, model CPX-2 firearm, bearing serial number 212284.

All pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 924(d)(1).

**A TRUE BILL:**

_____
**GRAND JURY FOREPERSON**

_Denise Wolf for_
_____
**WILLIAM M. McSWAIN**
**United States Attorney**

14